IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT CHAVEZ,

      Plaintiff,

v.                                                          Cause No. 1:21-CV-1116

PILOT TRAVEL CENTERS LLC,
d/b/a FLYING J TRAVEL CENTER,

      Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a), and in accordance with the procedures specified under 28 U.S.C. § 1446(b)(3) and Rule 81.1 of the Local Rules of Civil Procedure of the United States District Court for the District of New Mexico ("Local Rules"), Defendant Pilot Travel Centers LLC d/b/a/ Flying J Travel Center, by its counsel, YLAW, P.C. (April D. White) hereby gives Notice of Removal to this Court of the civil action filed by Robert Chavez in the First Judicial District for the State of New Mexico, County of Rio Arriba, No. D-117-CV-2021-00369. In support of this Notice of Removal, Defendant states as follows:

### INTRODUCTION

1.     Robert Chavez is the Plaintiff in this lawsuit. Pilot Travel Centers, LLC is the Defendant.

2.     Plaintiff commenced this lawsuit on October 14, 2021. A copy of its *Complaint to Recover Damages for Personal Injuries* (the "Complaint") is attached as **Exhibit A**.

3.     Pilot was served with this lawsuit on October 22, 2021 by process server to its registered agent.

4.     This Notice of Removal is timely filed within thirty (30) days of service.

5. As required by 28 U.S.C. §1446(a), a copy of all process, pleadings and orders served upon Defendant are filed with this Notice of Removal.  As required by Local Rule 81.1, legible copies of records and proceedings from the state court action that are not provided with this Notice will be filed with the Clerk of Court within twenty-eight days after this Notice of Removal is filed.

6. A filed copy of this Notice of Removal will be given to all adverse parties and will be filed with the Clerk of the First Judicial District Court, County of Rio Arriba, State of New Mexico in compliance with 28 U.S.C. § 1446(d).

### BASIS FOR REMOVAL – 28 U.S.C. § 1332(A)

7. Removal of this case is proper based upon diversity of citizenship, as "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. §1332(a).

**The Parties are Diverse Citizens.**

8. The Complaint states that Plaintiff is a resident of the State of New Mexico (*See* Complaint at ¶ 1)

9. Pilot Travel Centers LLC is a limited liability company organized under the laws of the State of Delaware. (Ex. B, Affidavit of Authorized Pilot Representative).  Pilot Travel Centers LLC has four members: (1) National Indemnity Company; (2) Pilot Corporation; (3) BDT I-A Plum Corp.; and (4) FJM Investments LLC. (Ex. B).

10. National Indemnity Company is a foreign corporation incorporated under the state laws of Nebraska.  Its principal place of business is 3555 Farnam Street, Suite 1440, Omaha, Nebraska, 68131.  (Ex. B).

11. Pilot Corporation is a foreign corporation organized under the state laws of Tennessee. Its principal place of business is located at 5508 Lonas Road, Knoxville, TN 37909. (Ex. B).

12. BDT I-A Plum Corp. is a foreign corporation incorporated under the state laws of Delaware. Its principal place of business is located at 3555 Farnam Street, Suite 1440, Omaha, Nebraska, 68131. (Ex. B).

13. FJM Investments LLC is a foreign limited liability company organized under the state laws of Utah. Its principal place of business is located at 185 S. State Street, Suite 1300, Salt Lake City, Utah, 84111. FJM Investments LLC has one member: FJ Management Inc. FJ Management Inc. is organized under the state laws of Utah and shares the same principal place of business as FJM Investments LLC. (Ex. B).

14. No member of Pilot Travel Centers LLC is a citizen of New Mexico. (Ex. B).

15. For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (2006); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990). The citizenship of a limited liability company is determined by the citizenship of all of its members, and a limited liability company is a citizen of the state in which it is formed if one of its members is a citizen of that state. *See, e.g., THI of New Mexico at Hobbs Center, LLC v. Patton,* 851 F.Supp.2d 1281, 1285-86 (D.N.M. 2011).

16. Diversity of citizenship exists between Plaintiff and each of the members of Pilot Travel Centers LLC.

**Amount in Controversy Exceeds $75,000.**

17.     The Tenth Circuit "require[s] a specific allegation that damages exceed the federal jurisdictional amount of $75,000." *Paros Properties, LLC v. Colorado Casualty Insurance Company,* 835 F.3d 1264, 1269 (10th Cir. 2016).

18.     The Complaint does not specify the amount of damages it seeks, stating only that "Plaintiff suffered serious injuries, requiring medical treatment, and incurred medical and nonmedical expenses that may continue into the future.  Plaintiff has also experienced pain and suffering and interference with the ability to enjoy and participate in daily activities.  Some of these damages may extend into the future." (Complaint at ¶ 10).  Additionally, the Complaint seeks pre-judgment interest. (*Id.*).

19.     Based on pre-litigation settlement discussions, the amount in controversy requirement of 28 U.S.C. § 1332(a) is met.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)("defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

## TIMELINESS OF REMOVAL – 28 U.S.C. § 1446(B)(3)

20.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(3), having been filed within thirty days after service of the Complaint.

21.     The Civil Cover Sheet is filed with this Notice of Removal is attached hereto as **Exhibit C**.

## CONCLUSION

This Notice of Removal is submitted as proper under 28 U.S.C. § 1441(a) and 28 U.S.C. §1332(a), as timely under 28 U.S.C. §1446(b)(3) and filed in accordance with the procedures specified under 28 U.S.C. §§1446(a) and Rule 81.1 of the Local Rules of Civil Procedure of the United States District Court for the District of New Mexico.

Respectfully submitted,

YLAW, P.C.

*/s/ April D. White*
April D. White
*Attorneys for Defendant*
4908 Alameda Blvd NE
Albuquerque, NM  87113-1736
(505) 266-3995
awhite@ylawfirm.com

I hereby Certify that a true copy of the
foregoing pleading was electronically sent to:

Cloyd G. Hinkle
Warren F. Hire
Hinkle Law Offices, LLC
3939 San Pedro N.E., Bldg. A
Albuquerque, NM 87110
(505) 883-4357
lleal@hinklelawoffices.com

*Attorneys for Plaintiff*

on this 18th day of November, 2021.

*/s/ April D. White*
April D. White